

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-14-00283-CV

| | | |
|---|---|---|
| JERRY V. DURANT; JERRY DURANT, INC. D/B/A DURANT TOYOTA AND D/B/A JERRY DURANT TOYOTA; JERRY DURANT HYUNDAI, LLC; DOYLE MAYNARD; ROBERT G. COTE SR.; GARY MICHAEL DEERE; JERRY RASH; AND ELLIOT "SCOOTER" MICHELSON, Appellants | § § § | On Appeal from the 153rd District Court of Tarrant County (153-257626-12) March 19, 2020 |
| v. | § | |
| ANDREW ANDERSON, Appellee | § | Opinion by Justice Gabriel |

## JUDGMENT ON REMAND

This appeal is on remand from the Texas Supreme Court.

This court has considered the record on appeal in this case and holds that there was error in part of the trial court's defamation judgment. We reverse that portion of the trial court's judgment finding and apportioning defamation liability against appellant Doyle Maynard and render a take-nothing judgment in his favor. We affirm the remainder of the defamation liability judgment. We affirm the awarded and

remanded defamation damages conditioned on our suggestion of a $584,999 remittitur, which includes the settlement credit. If appellee Andrew Anderson timely files the suggested remittitur with the trial court clerk no later than fifteen days after this judgment, we will modify the amount of defamation damages and affirm those damages as modified. Otherwise, we will reverse the trial court's defamation judgment for a new trial on appellee Andrew Anderson's defamation claim against appellants Jerry V. Durant, Robert G. Cote Sr., Gary Michael Deere, Jerry Rash, and Elliot "Scooter" Michelson and on those awarded defamation damages that were supported by legally sufficient evidence.

But after considering the record on appeal regarding appellant Andrew Anderson's fraudulent-inducement claim, we find no error in the trial court's judgment. Accordingly, we affirm the trial court's fraudulent-inducement judgment.

The costs in this court are taxed against the party that incurred the cost.

It is further ordered that to the extent the supersedeas bond (which was filed by appellants Jerry V. Durant; Jerry Durant, Inc. d/b/a Durant Toyota and d/b/a Jerry Durant Toyota; and Jerry Durant Hyundai, LLC) was effective to supersede the trial court's judgment, appellee Andrew Anderson shall have and recover of and from those specified appellants and their surety, Jerry's GM, LLC, from their supersedeas bond, the amounts awarded against those appellants and affirmed by this court. We additionally render judgment against Jerry's GM, LLC for the costs taxed against those three appellants in this court.

SECOND DISTRICT COURT OF APPEALS


By /s/ Lee Gabriel
        Justice Lee Gabriel